Jackson v Consolidated Edison Co. of N.Y. (2026 NY Slip Op 00086)

Jackson v Consolidated Edison Co. of N.Y.

2026 NY Slip Op 00086

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. ?160870/20|Appeal No. 5551|Case No. Case No. 2024-05785|

[*1]James Jackson, Appellant,
vConsolidated Edison Company of New York, Respondent, P & T II Construction Corp., Defendant.

Jonathan D'Agostino & Associates, P.C., Staten Island (Glenn Schwartz of counsel), for appellant.
DSR Appeals, Montrose (Daniel S. Ratner of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered August 13, 2024, which denied plaintiff's motion to vacate the court's April 23, 2024 order granting, upon plaintiff's default, defendant Consolidated Edison Company of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
At the outset, plaintiff established reasonable excuse for his default in timely opposing defendant's motion for summary judgment. The parties filed two stipulations adjourning the return date of defendant's motion until April 23, 2024, and May 21, 2024, respectively. Under these circumstances, even assuming there was law office failure, plaintiff established that it was reasonable for his counsel to conclude that he did not need to submit an opposition at the time of the motion's original return date (see B & H Fla. Notes LLC v Askhenazi, 172 AD3d 433, 434 [1st Dept 2019]). Nevertheless, the motion court properly denied plaintiff's motion to vacate because he failed to establish that he had a meritorious claim (see Wollman v Seven Seas Union Sq. LLC, 239 AD3d 558, 558 [1st Dept 2025]). Defendant's inspector testified that both the water main project and the specific barricade work were performed by another entity. The inspector further testified that defendant was at the site for the limited purpose of monitoring the safety of its equipment. Plaintiff did not meaningfully dispute this testimony, and the field activity reports, upon which plaintiff relied, make no mention of defendant's relationship to the water main project. Plaintiff also never testified that he personally knew or observed an employee of defendant performing the injury-producing work.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026